**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES SCHERER, in his capacity as Shareholders Representative,  )<br>)<br>)<br>)<br>*Plaintiff*,                                )<br>)<br>vs.                                        )<br>)<br>THERMO FISHER SCIENTIFIC INC.,    )<br>)<br>)<br>*Defendant*.                              ) | C.A. No. 1:13-cv-01185-GMS |

**CONFIDENTIALITY STIPULATION AND ORDER**

WHEREAS, this matter having come before the Court by stipulation of plaintiff James Scherer and defendant Thermo Fisher Scientific Inc. (each, a "Party"), for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) in the above-captioned proceeding (the "Litigation");

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the Parties believe to be confidential and sensitive information;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties through their undersigned counsel, as follows:

1.      This Confidentiality Stipulation and Order (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, whether formally or informally, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

2.	Any Party or Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Party or Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation (hereinafter "Confidential Discovery Material").

3.	The designation of Discovery Material as Confidential Discovery shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4.	Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and in accordance with this Stipulation. Such material or information shall not be used for any other purpose, including, without limitation, any personal, business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record in accordance with applicable rules or the terms of this Stipulation.

5.	Information prepared or derived by utilizing Confidential Discovery Material shall also be considered "Confidential" pursuant to this Stipulation.

6.	The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

A.	In the case of documents or other materials (apart from depositions, other pretrial testimony or non-paper media): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the

Confidential Discovery Material (e.g., CD-Rom, Floppy Disk, DVD); or (iii) by other writing indicating the specific Discovery Material or categories of Discovery Material to be treated as Confidential Discovery Material.

      B.     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within ten business days of the deposition or other pretrial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

      C.     For information produced in non-paper media (e.g., videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

      7.     Before any pleading, brief, memorandum, motion, letter, affidavit, or other document which discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material is filed with the Court, the party seeking to file such Confidential Discovery Material must take all appropriate steps to have such documents filed under seal in accordance with Local Rule 5.1.3. No party shall file any Confidential Discovery Material until an appropriate order to seal has been entered by the Court. The provisions of this Paragraph may be waived only with the written consent of the Producing Party.

8. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected: (i) by supplemental written notice designating such Discovery Material as Confidential Discovery Material; or (ii) in a manner consistent with Paragraph 6. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward.

9. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Stipulation:

 A. The Parties and the directors, officers, employees, partners, and management personnel and/or advisors of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

 B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

 C. Subject to Paragraph 11, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

   D. Subject to Paragraph 12, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

   E. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

   F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

   G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

10. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

11. Notwithstanding Paragraph 9(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that

such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Upon written request, counsel in possession of the original undertaking shall provide a copy of the undertaking to the Party requesting such undertaking within five business days. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

12. Notwithstanding Paragraph 9(D), Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Upon written request after the conclusion of the Litigation, counsel in possession of the original undertaking shall provide a copy of the undertaking to the Party requesting such undertaking within five business days.

13.     Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

14.     The Parties reserve the right to apply, pursuant to Rule 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

15.     Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

   A.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   B.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

   C.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

   D.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii)

seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

       E.     Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

       F.     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

       G.     Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

       H.     Operate as a waiver of any attorney-client, work product, business strategy, trade secret, statutory or other privilege.

16.     This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17.     If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in

no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

18.　　A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

19.　　If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

20.　　A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

21. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

22. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

23. Subject to any applicable rules of the Court, the provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

24. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.  Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

25. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the

Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

26.     If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring

11

production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

27. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

28. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

29. This Stipulation may be executed by facsimile or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one agreement.

30. This Stipulation, and any dispute arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in

accordance with the laws of the state of Delaware, without regard to conflict of laws principles. Each of the Parties (a) irrevocably submits to the personal jurisdiction of any state or federal court sitting in Wilmington, Delaware, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action or proceeding arising out of or relating to this Stipulation, (b) agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and determined exclusively in the United States District Court for the District of Delaware (provided that, in the event that subject matter jurisdiction is unavailable in that court, then all such claims shall be brought, heard and determined exclusively in any other state or federal court sitting in Wilmington, Delaware), (c) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court and (d) agrees not to bring any action or proceeding arising out of or relating to this Stipulation in any other court.  Each of the Parties waives any defense of inconvenient forum to the maintenance of any action or proceeding brought in accordance with this Paragraph.  Each of the Parties further agrees to waive any bond, surety or other security that might be required of any other party with respect to any action or proceeding, including an appeal thereof.  Each of the Parties further consents and agrees that process in any suit, action or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

      31. Confidential Discovery Material is subject to challenge by any Party or non-Party. The following procedure shall apply to any such challenge:

      A. Within 30 days of the receipt of Confidential Discovery Material or of the refusal to produce a document on the ground of such designation, a Party may serve upon the designating Party a letter objecting to the designation. The objection shall specify the

documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Discovery Material designated as Confidential Discovery Material to which objection has been made shall be treated as Confidential Discovery Material until designated otherwise by waiver, agreement or order of the Court.

      B.    The objecting Party and the designating Party shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation of Confidential Discovery Material as to any documents subject to the objection, the designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      C.    In the absence of agreement as to the designation of Confidential Discovery Material, the Party challenging the designation of Confidential Discovery Material shall initiate the dispute resolution process set forth in Paragraph 3(a) of the Scheduling Order within 30 days of the meet-and-confer conference. The failure to timely initiate the dispute resolution process waives any objection to the designation of Confidential Discovery Material.

32.    Applications to the Court for an order or other determination relating to Confidential Discovery Material shall follow the dispute resolution process set forth in Paragraph 3(a) of the Scheduling Order. Nothing in this Stipulation or any action or agreement of a Party under this Stipulation limits the Court's power to make orders concerning the disclosure of Discovery Material produced in discovery or at trial. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery

Material validly constitutes Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential.

|  |  |
|---|---|
|  | ASHBY & GEDDES, P.A. |
|  |  |
|  | */s/ Toni-Ann Platia* |
| OF COUNSEL: | Stephen E. Jenkins, Esq. (#2152) |
|  | Toni-Ann Platia, Esq. (#5051) |
| Thad A. Davis, Esq. | 500 Delaware Avenue, 8th Floor |
| Michael Li-Ming Wong, Esq. | P.O. Box 1150 |
| Kyle A. Withers, Esq. | Wilmington, Delaware 19899 |
| GIBSON, DUNN & CRUTCHER LLP | Telephone: (302) 654-1888 |
| 555 Mission Street, Suite 3000 | Facsimile: (302) 654-2067 |
| San Francisco, California 94105 | sjenkins@ashby-geddes.com |
|  | tplatia@ashby-geddes.com |
|  |  |
|  | *Attorneys for Plaintiff James Scherer* |
|  |  |
|  | ABRAMS & BAYLISS LLP |
|  |  |
|  | */s/ A. Thompson Bayliss* |
| OF COUNSEL: | A. Thompson Bayliss, Esq. (#4379) |
|  | Sarah E. Hickie, Esq. (#5833) |
| Joseph L. Demeo, Esq. | 20 Montchanin Road, Suite 200 |
| Allison Huppé, Esq. | Wilmington, DE 19807 |
| DEMEO LLP | Telephone: (302) 778-1000 |
| One Lewis Wharf | Facsimile: (302) 778-1001 |
| Boston, Massachusetts 02110 | bayliss@abramsbayliss.com |
| Telephone: (617) 263- 2600 | hickie@abramsbayliss.com |
|  |  |
|  | *Attorneys for Defendant Thermo Fisher Scientific Inc*. |

Dated: December 26, 2013

IT IS SO ORDERED this ___ day of December 2013.

_____
The Honorable Gregory M. Sleet